United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FAREPORTAL, INC.,

Plaintiff,

v.

HNA GROUP (INTERNATIONAL) CO., LTD., et al.,

Defendants.

Case No. 21-cv-02841-YGR (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 82

Plaintiff Fareportal, Inc., and Defendant Nishith Kumar have a filed a joint discovery letter brief concerning a dispute they have over a potential protective order. ECF No. 82. Fareportal proposed that the parties stipulate to the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Model Order," which can be found here: https://cand.uscourts.gov/forms/model-protective-orders/). Unmodified, the Model Order would not allow an unrepresented party any access to information designated HC-AEO or HC-Source Code, which would be a problem for Kumar because is pro se. In an effort to accommodate Kumar, Fareportal proposed language that would allow an unrepresented party to retain outside counsel for the limited purpose of reviewing such information. That wasn't much of an accommodation, though, and Kumar rejected it, as he was always free to retain counsel, and the accommodation didn't actually do anything for him given that he is pro se.

Next, Fareportal proposed that any party producing HC material would also provide a log, similar to a privilege log, so that any other party could challenge the designation. Under this proposal, if any party wanted to challenge an HC designation, the Court could review the information in camera. Kumar rejected this proposal as well.


There does seem to be at least one point on which the parties agree. Kumar states that "I do not wish to see source codes myself because I am not able to understand the source code as I do not have any coding knowledge." So, as to HC-Source Code material, Kumar agrees he does not need access to that. He does state, however, that "in the event that a third-party software engineering firm is engaged to do a code comparison, I will need to have full access to the report generated in order to defend myself." This doesn't sound like an engineering firm that Kumar is planning to hire, and seems to be a reference to one that Fareportal or a co-Defendant may hire. The easiest way to accommodate Kumar's request for the report is for the litigant to redact the source code itself and give Kumar the remainder of the report. That would give Kumar the relevant analysis and conclusions without him viewing source code he can't understand anyway. In any event, that also sounds like something that is down the road, so if Kumar is unsatisfied with the redacted report, he should meet and confer with whoever did the redactions, and if they can't resolve their dispute, they should file a joint discovery letter brief, and the Court will resolve it.

So, now let's go back to the HC-AEO issue. Fareportal's suggestion of a log has some utility, but it's not a complete solution. Precisely because it is a Model Order, the Model Order describes confidential and HC-AEO information at a high level of generality. The Model Order defines "confidential" as information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Rule 26(c) is mostly a procedural rule, though, that specifies things that a court can do to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, so the cross-reference to Rule 26(c) just means that "confidential" information is the sort of stuff that would fall within the Rule's concerns, without adding detail about what exactly that is. The Model Order then defines HC-AEO as extremely sensitive "confidential" information, disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.

This definition of HC-AEO works well in the majority of cases, even though it is somewhat general in nature and entrusts counsel to use good judgment. And the reason it works well is because if you abuse the HC-AEO designation, opposing counsel will see what you are doing and will challenge your designations. And that's where we run into the problem with

Kumar. If he can't lay eyes on the materials that everyone else designates HC-AEO, he won't be able to tell if they're abusing the designation. A log by itself is not a good solution to this problem.

The Court prefers to follow the approach taken in *Deloitte Tax LLP v. Murray*, 2022 WL 1406612 (N.D. Ohio May 4, 2022). In that case Deloitte proffered four specific categories of information it contended were HC. For each category, the Court considered Deloitte's specific and particular demonstration of harm and defendants' showing of prejudice and then balanced the two against each other. *See also Bussing v. COR Clearing, LLC*, 2015 WL 4077993, *3 (D. Neb. July 6, 2015) (to justify AEO designation, designating parties must do more than "discuss[] . . . categories of discovery, if at all, in very broad terms with no precise explanation of what the [parties] seek to protect").

The utility of this approach is that it forces the designating parties to come up with specific categories of information they contend are HC-AEO, and it forces them to explain why, for that category of information, Kumar should not be allowed to see it. This has the upside of giving Kumar notice of what Fareportal plans to keep from him, so he can explain more specifically why he needs to see it. Also, in the event that the Court determines that Kumar should not have access to certain categories of information, Kumar will know what those categories are, so he can read the log with an eye toward whether they've actually shown that the materials are in one of those categories. Further, this approach will improve the Court's decision making. Right now all the Court knows about Fareportal's plans for designating something HC-AEO is that Plaintiff for some reason thinks disclosure would create a substantial risk of serious harm, and the only thing the Court can balance that against is the allegation in the Complaint that five years ago Kumar worked for a competitor. That provides too little information for the Court.

The Court held a hearing on September 20, 2022 to discuss the above approach and to discuss a briefing schedule. Fareportal advised that, as it has not yet completed its document review, all it can do at the moment is identify categories of HC-AEO information that it is currently aware of, and it may become aware of other categories of HC-AEO information later in the document review process. Defendants HNA Group (International) Co., Ltd. and Jason Chen

advised that they are not currently aware of any documents that they plan to designate as HC-AEO, but might become aware of some later.

Accordingly, the Court orders as follows:

1. No later than October 11, 2022, Fareportal shall file a brief not to exceed 15 pages that shall describe specific, particular categories of information it contends require HC-AEO treatment and the reasons why disclosure to Kumar presents an unacceptable competitive risk for each category. With this brief Fareportal shall also submit the Model Order with the HC-AEO definition revised to accord with Fareportal's proposed HC-AEO categories. Fareportal shall also adapt the Model Order to contain Fareportal's proposal for how HC-AEO documents should be logged. (To avoid confusion, the Court is not requiring Fareportal to log its HC-AEO documents by October 11. Rather, the Court is requiring Fareportal to reduce its logging proposal to writing.)

2. No later than October 25, 2022, Defendants shall file a brief not to exceed 15 pages responding to Fareportal's brief. (If HNA and Chen decide they don't care about this issue and don't want to brief it, that's fine, and Kumar can file the brief on his own.) For each of Fareportal's proposed categories, Defendants shall state if they object to that category being HC-AEO and then explain how, in their view, that designation prejudices them. This brief shall also respond to Fareportal's proposed adaptation of the Model Order.

3. No later than November 1, 2022, Fareportal shall file a reply brief not to exceed five pages. The Court will decide whether to hold a hearing after it reviews the briefs.

4. The above briefs do not need to discuss source code. The Court approves the HC-Source Code designation because Kumar states that he cannot understand source code anyway.

5. This order is without prejudice to any party subsequently proposing another category of information that it would like to designate as HC-AEO. If a party comes up with another such category, it must meet and confer with the other parties to see if they will agree to modify the protective order to include that additional category for that litigant. If the parties agree, they should submit a proposed order modifying the protective order. If not all parties agree, the parties with the dispute shall file a joint discovery letter brief concerning modification of the protective order.

United States District Court
Northern District of California

United States District Court
Northern District of California

6. No party may designate any documents or information as HC-AEO without prior approval of the Court for that category of documents or information.

**IT IS SO ORDERED.**

Dated: September 20, 2022

THOMAS S. HIXSON
United States Magistrate Judge