1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**FAREPORTAL, INC.,**

Plaintiff,

**vs.**

**NISHITH KUMAR,**

Defendant.

Case No. 4:21-cv-02841-YGR

**ORDER DISCHARGING ORDER TO SHOW CAUSE;**

**REQUIRING BRIEFING ON MOTION TO TRANSFER VENUE;**

**GRANTING EXTENSION**

10
11
12
13
14
15

The above-captioned matter is now comprised only of plaintiff Fareportal, Inc.'s claim against *pro se* defendant Nishith Kumar for violation of the New Jersey Computer Related Offenses Act ("NJCROA"), N.J.S.A. 2A:38A-3. Finding that plaintiff had not established the bases for this Court's jurisdiction over such claim, the Court issued, on April 22, 2024, an order to show cause why this matter should not be transferred. (Dkt. No. 168.) The parties timely responded (*see* Dkt. Nos. 169 & 170), and the order to show cause is **DISCHARGED** on that basis.

16
17
18
19
20
21
22

The Court has carefully reviewed the parties' responses. Based thereon, the Court determines Kumar's intent is to have this case heard, if it is not dismissed on forum *non conveniens* grounds, by a court closer to his residence in New Jersey. (*See generally* Dkt. No. 170.) The Court therefore construes Kumar's response as a motion to transfer venue to the District of New Jersey.[1] *See, e.g.*, *United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020) (requiring district courts to construe *pro se* motions liberally); *see also Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Finding the existing record insufficiently developed on such a motion, the

23

24
25
26
27
28

[1] Plaintiff pleads that venue is proper in this district because the defendants "committed tortious acts in California while they were employed by Travana, a California based company." Dkt. No. 1, Complaint ¶ 25. The Court notes, however, that plaintiff submitted additional evidence along with his response to the order to show cause casting doubt on whether he in fact removed the at-issue hard drive from Fareportal's offices and brought it with him to California, thereby potentially undermining plaintiff's theory, as pled. Even assuming without deciding that the complaint establishes proper venue in this district, however, this does not prevent the Court from considering permissive transfer in its inherent discretion. *See* 28 U.S.C. § 1404(a).

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Court hereby **ORDERS** briefing as follows: (1) should plaintiff oppose the motion, it shall file an

2  opposition by no later than Wednesday, May 29, 2024; and (2) if the motion is opposed, defendant

3  shall file a reply by no later than Wednesday, June 5, 2024. The opposition and reply briefs shall

4  not exceed five (5) pages each.

5      Kumar is advised that Section 1404(a) of Title 28 of the United States Code permits

6  district courts to transfer venue "to any other district or division where [the case] may have been

7  brought" "[f]or the convenience of parties and witnesses" and where doing so would be "in the

8  interest of justice."[2] As the moving party, he bears the burden of establishing that transfer of venue

9  is warranted. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). While no

10  individual factor is dispositive of the transfer analysis, the Ninth Circuit has identified the

11  following as factors district courts may consider in connection with a motion to transfer:

12      (1) the location where the relevant agreements were negotiated and executed, (2) the state
    that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the
13      respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause
    of action in the chosen forum, (6) the differences in costs of litigation in the two forums,
14      (7) the availability of compulsory process to compel attendance of unwilling non-party
    witnesses, and (8) the ease of access to sources of proof.
15

16  *Id.* at 498–99.

17      Separately, the Court notes that Kumar filed a request for extension of his deadline for

18  rebutting plaintiff's expert report, and the overall expert discovery deadline. Given this Order

19  requires the parties to brief the venue transfer issue, the Court finds good cause for the extensions,

20  which are **GRANTED**.

21      **IT IS SO ORDERED.**

22  Dated:   May 23, 2024

23      YVONNE GONZALEZ ROGERS
    **UNITED STATES DISTRICT COURT JUDGE**

24

25      [2] *See also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (characterizing such

26  assessment as an "individualized, case-by-case consideration of convenience and fairness"); *Park
    v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013) ("No single factor is

27  dispositive, and a district court has broad discretion to adjudicate motions for transfer . . . .")
    (quotations and citations omitted).

28

2